IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

       Plaintiff,

vs.                                                 No. CV 17-01115 JCH/GJF

THOMAS HAVEL,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on the pro se handwritten filing by Plaintiff Herbert Manygoat (Doc. 1) ("Complaint"). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Plaintiff Manygoat was a pretrial detainee at the San Juan County Detention Center. (Doc. 1). He submitted a filing titled "Petition for Writ of Habeas Corpus" asserting claims against the Detention Center and its Warden. (Doc. 1). Manygoat alleged:

> "In the year of 2014, I acknowledged a 'Sergeant' or any 'Official' would just place an inmate on an 'infraction' which requires, (1) no visitation, (2) no TV (3) no commissary. (out-going legal mail) was free, but Lt. F. Mejia <u>forces</u> me to use stamped envelopes. Several months ago, Sgt. Cockrell biasly replied to my 'grievance' and stated; If you don't like our rules, don't come to jail."

(Doc. 1 at 1-2) (emphasis in the original). In a supplemental filing, Manygoat asserted that this is "a civil action authorized by 42 U.S.C. § 1983." (Doc. 3). Last, in a notice, he claimed that he seeks " $ $ $ MONEY DAMAGES $ $ $." (Doc. 5). The Court determined that Manygoat's filings are a challenge to the conditions of his confinement and are properly treated as civil rights claim under 42 U.S.C. § 1983. *See Wiley v. Holt*, 42 F. App'x 399, 400 (10th Cir. 2002) (claims relating to transfer from one prison facility to another attack conditions of confinement, not the

validity or duration of incarceration, and are properly treated as § 1983 civil rights claims rather than habeas corpus claims). On January 29, 2019, the Court entered an Order that filing was not in proper form to assert civil rights claims and required Plaintiff to submit a complaint in proper form within 30 days. (Doc. 6).  The Order also directed the Clerk to provide Plaintiff Manygoat with the proper civil rights complaint form. (Doc. 6 at 2).  More than 30 days elapsed and Plaintiff did not submit a complaint in proper form or otherwise respond to the Court's Order.

In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff did not pay the filing fee but, instead, submitted a hand-written "Motion for Free Process" that did not meet the requirements for proceeding *in forma pauperis* under § 1915(a) and (b). (Doc. 2).  On January 29, 2019, the Court ordered Plaintiff to cure this deficiency by either paying the filing fee or submitting an application to proceed under § 1915 within 30 days. (Doc. 6).  More than 30 days elapsed and Plaintiff did not pay the fee, did not submit an application to proceed, and did not respond, in any way, to the Court's January 29, 2019 Order.

Plaintiff, Herbert Manygoat, filed this civil rights proceeding under 42 U.S.C. § 1983. (Doc. 1, 3, 5). The Complaint was not in proper form. (Doc. 1). Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.  The Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 6).  The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 6 at 2). The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an application under § 1915.  (Doc. 6 at 2).  More than 30 days elapsed after entry of the Court's Order to Cure

Deficiencies and Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's Order.

At the time it was filed, the handwritten Complaint stated that Plaintiff Manygoat was incarcerated at the San Juan County Detention Center. (Doc. 1). However, mail to Manygoat at the San Juan County Detention Center has been returned as undeliverable. Further a review of the San Juan County Detention Center records indicates that Plaintiff Manygoat was released from custody and he has not provided the Court with any current address.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules also require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Plaintiff Manygoat has failed to comply with the Court's order to cure deficiencies, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with LR-Civ. 83.6, and failed to prosecute this action. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute this proceeding. *Olsen*, 333 F.3d at 1204.

**IT IS ORDERED** that the handwritten Complaint filed by Plaintiff Herbert Manygoat (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Order and failure to prosecute this proceeding.

_____
SENIOR UNITED STATES DISTRICT JUDGE